UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KEVIN CHRISTOPHER HEITING, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 25-123-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID PAUL, WARDEN, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Kevin Christopher Heiting has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the Federal Bureau of Prisons' ("BOP's") imposition of disciplinary sanctions. [Record No. 1] Following review, the Court will deny Heiting's request for relief.

Heiting is currently serving a 20-year sentence for distributing child pornography. [*See* Record No. 12-1 at 2.] As a result of that conviction, Respondent Paul represents that Heiting is subject to computer restrictions while incarcerated. [*See* Record No. 12 at 1.] Despite those restrictions, prison officials investigated Heiting and determined that he was improperly using the prison's computers to send e-mails to an unmonitored staff inbox. His use was not for the legitimate purpose of communicating with prison employees, but instead so that he could use the e-mail system as a word processor. [*See* Record No. 12-1 at 12.] Heiting would then print his "e-mails," which contained various computer

-1-

programming codes, and mail the correspondence to individuals outside the prison. [*See id.*]

The BOP investigated the matter and issued an incident report to Heiting, charging him with violating Disciplinary Code 296, which prohibits the use of the mail for abuses which circumvent the prison's monitoring procedures. [*See id.* at 11-14.] It then held a hearing. A disciplinary hearing officer concluded that Heiting committed the prohibited act and imposed sanctions on him, including the removal of 27 days of good conduct time. [*See id.* at 15-19.] However, Heiting filed an administrative appeal and the matter was remanded. [*See id.* at 21.]

Shortly thereafter, Heiting was notified of a second disciplinary hearing, as well as his rights at the hearing. [*See id.* at 32-34.] The second hearing was held eight days later. [*See id.* at 35-40.] During the hearing, a staff representative appeared on Heiting's behalf. Heiting denied the charge and made a statement in his own defense, athough he waived his right to have witnesses present. [*See id.* at 36-37.] Ultimately, the disciplinary hearing officer once again concluded that Heiting committed the prohibited act and imposed sanctions, including the loss of 27 days of good conduct time. [*See id.* at 40.] Heiting now challenges that decision in this Court *via* 28 U.S.C. § 2241. [*See* Record No. 1.]

Heiting has not shown that he is entitled to the restoration of the good conduct time lost. Initially, Heiting has not demonstrated that he was denied the various procedural protections that he was due. Heiting was entitled to advance notice of the charges against him, the opportunity to present evidence and witnesses in his defense, and a written

decision explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Heiting received each of these procedural protections.

Given that Heiting had already been through one disciplinary hearing and had appealed the matter administratively within the BOP, he was obviously aware of the charges in advance of the second hearing. The record also demonstrates that Heiting was given an opportunity to present evidence and witnesses in his defense during the second hearing. And Heiting does not appear to dispute that he received the disciplinary hearing officer's second written decision explaining the grounds upon which his guilt was based.

So Heiting argues that the prison disciplinary hearing officer was not impartial. Among other things, he points to the fact that the officer specifically stated that he had "considered the nature of [Heiting's] current conviction when imposing these sanctions." [Record No. 12-1 at 40] It is true that "[a]n inmate is entitled to have a charge against him determined by an impartial decisionmaker." *Antonelli v. Rios*, No. 0: 06-cv-283-GFVT, 2009 WL 790171, at *8 (E.D. Ky. Mar. 24, 2009) (citing *Wolff*, 418 U.S. at 563-72). But Heiting has not demonstrated how the hearing officer's statements suggest or establish some sort of bias. If anything, it appears that the hearing officer was simply providing context for why Heiting's conduct was improper; indeed, the hearing officer explained to Heiting that "[t]he institution placed computer restrictions on you as a direct result of the nature of your crime. You knowingly and intentionally attempted to circumvent these restrictions." [Record No. 12-1 at 40] In short, Heiting has not established that the hearing officer was biased or otherwise ran afoul of his due process rights.

The only remaining question is whether there was some evidence in the record to support the disciplinary hearing officer's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558-59 (6th Cir. 2013). And this is a very low threshold. After all, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Rather, it merely considers "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989).

Here, there is evidence in the record to support the disciplinary hearing officer's decision. After all, the hearing officer's report details the evidence linking Heiting to the offense in question including, but not limited to, the incident report which detailed the findings of the BOP's special investigative services, as well as Heiting's own statements. [Record No. 12-1 at 38-39] This evidence meets the low threshold applicable here. *See Hill*, 472 U.S. at 454. And Heiting's various arguments simply do not warrant a different result. Accordingly, it is hereby

**ORDERED** as follows:

1. Heiting's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED.**

2. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: July 17, 2025.



<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky